IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TERRENCE LEDELLE KIMBLE,                              CV. 07-531-HU

        Petitioner,                        FINDINGS AND RECOMMENDATION

  v.

BRIAN BELLEQUE,

        Respondent.

Bryan E. Lessley
Assistant Federal Public Defender
151 W. 7th Avenue, Suite 510
Eugene, Oregon, 97401

    Attorney for Petitioner

John R. Kroger
Attorney General
Lester R. Huntsinger
Senior Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon, 97301-4096

    Attorneys for Respondent

HUBEL, Magistrate Judge

    Petitioner, an inmate at the Oregon State Penitentiary, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition should be denied.

1 -- FINDINGS AND RECOMMENDATION

## BACKGROUND

On May 4, 2001, petitioner was convicted of Attempted Rape in the First Degree, Attempted Rape in the Second Degree, Unlawful Use of a Weapon, and four counts of Sexual Abuse in the First Degree. Petitioner was sentenced to three consecutive 75-month sentences, totaling 225 months in prison. The remaining sentences were ordered to run concurrently.

Petitioner's conviction and sentence were affirmed, without opinion, by the Oregon Court of Appeals. State v. Kimble, 187 Or. App. 430, 67 P.3d 999 (2003). Petitioner did not seek review by the Oregon Supreme Court. Petitioner subsequently sought state post-conviction relief which was denied by the trial court. The Oregon Court of Appeals affirmed, without opinion, and the Oregon Supreme denied review. Kimble v. Belleque, 209 Or. App. 816, 149 P.3d 347 (2006), rev. denied, 342 Or. 503 (2007).

In the instant proceeding, petitioner alleges that trial and appellate counsel were ineffective for failing to object to the imposition of consecutive sentences based upon factors not found by a jury. In his supporting memorandum, petitioner argues that trial and appellate counsel were deficient in failing to argue that "the 'Apprendi rule' under the Sixth Amendment applies to the imposition of consecutive sentences under Or. Rev. Stat. 137.123."

///

///

2 -- FINDINGS AND RECOMMENDATION

**DISCUSSION**

A claim of ineffective assistance of counsel, requires petitioner to prove that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Bell v. Cone, 535 U.S. 685, 695 (2002); Williams v. Taylor, 529 U.S. 362, 390-91 (2000); Strickland v. Washington, 466 U.S. 668, 687-88 (1987).

The U.S. Supreme Court recently held that the rules announced in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004), do not apply to Oregon's consecutive sentencing statute. Oregon v. Ice, 129 S.Ct. 711, 714-15 (2009). Accordingly, trial and appellate counsel were not deficient in failing to challenge petitioner's consecutive sentences on this basis. The post-conviction court's rejection of petitioner's ineffective assistance of counsel claims was neither contrary to, nor an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d)(1).

**CONCLUSION**

Based on the foregoing, petitioner's petition for writ of habeas corpus (#2) should be denied, and this proceeding should be dismissed, with prejudice.

///

///

3 -- FINDINGS AND RECOMMENDATION

## **SCHEDULING ORDER**

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due March 11, 2009. If no objections are filed, the Findings and Recommendations will go under advisement on that date.

If objections are filed, a response to the objections is due March 23, 2009, and the review of the Findings and Recommendation will go under advisement on that date.

DATED this _24th___ day of February, 2009.


/s/Dennis J. Hubel

Dennis J. Hubel
United States Magistrate Judge

4 -- FINDINGS AND RECOMMENDATION